UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF LABOR, et al.

    Defendants.

Case No. 25-cv- 13707

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Cheryl L. Theriot's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Plaintiff asserts claims against the U.S. Department of Labor (DOL) and Michigan's Unemployment Insurance Agency (UIA), asserting that: (1) she has ten weeks "left on an unemployment claim in the state of Michigan"; (2) the state "reopened" the claim on August 3, 2025; (3) she is currently unemployed and in need of benefits; and (4) she is entitled to and owed the monies "left on the claim."

(ECF No. 1, PageID.5). Given the lack of factual detail, in particular concerning how either defendant acted illegally concerning Plaintiff's unemployment benefits, the Court is essentially left to devise the nature of Plaintiff's claims. *See Gibbs v. Mich. Unemployment Agency*, No. 22-12668, 2022 U.S. Dist. LEXIS 207098, at *3 (E.D. Mich. Nov. 15, 2022) ("*pro se* litigants remain subject to the Federal Rules of Civil Procedure, and courts are not expected to devise a claim where the plaintiff has failed to articulate one in his pleadings") (citing *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)).

In any event, the complaint is deficient to the extent it is completely devoid of any factual allegations involving the DOL. *See Schoening v. Molloy*, No. 23-860, 2023 U.S. Dist. LEXIS 184899, at *16 (W.D. Mich. Oct. 16, 2023) ("Plaintiff is obligated to plead sufficient facts that would give each defendant fair notice of Plaintiff's claims and the grounds upon which they rest.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Next, to the extent the complaint can be construed as stating a claim against the UIA for Plaintiff's unemployment benefits, the UIA is immune from such suit in this Court. Although "[r]ecipients of unemployment compensation have constitutionally-protected property interests in unemployment benefits," *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 900 (6th Cir. 2019), a claimant whose application for those benefits is denied by a state unemployment agency may not sue that agency

in federal court as a means of challenging the denial because, under the Eleventh Amendment to the United States Constitution, those agencies are immune from suit for "backward-looking" monetary relief. *See Zynda v. Arwood*, 175 F. Supp. 3d 791, 800-01 (E.D. Mich. 2016) (dismissing claims against Unemployment Agency officials that sought a "backward-looking award of compensatory damages . . . 'measured in terms of monetary loss resulting from past breach of a legal duty on the part of the [state unemployment insurance agency] officials'" because such claims are barred by the Eleventh Amendment) (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)); *see also English v. UIA of Michigan*, No. 20-1005, 2020 U.S. App. LEXIS 16190, at *3-4 (6th Cir. May 20, 2020) (unpublished; affirming dismissal of claim against UIA for unemployment benefits as barred by the Eleventh Amendment).

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: December 29, 2025

        s/Robert J. White
        Robert J. White
        United States District Judge